UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK J. WARFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>MELVIN HALE,<br><br>  Defendants. | No. 2:22–cv–1950–DAD–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). If amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, as best the court can tell, plaintiff's complaint alleges that defendant Hale intercepted plaintiff's emails and responded to him with antisemitic remarks. Plaintiff cites the First, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution as the basis of his claims, and seeks monetary damages, among other relief. (See ECF No. 1.)

Claims for violations of an individual's civil rights under the U.S. Constitution are brought under 42 U.S.C. § 1983 for actions taken under color of law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 639 (1980). Generally speaking, such claims cannot not lie against a private individual or business entity that does not act under color of law. See <u>Franklin v. Fox</u>, 312 F.3d 423, 444 (9th Cir. 2002). Here, it appears defendant Hale is nothing more than a private citizen, and so plaintiff's complaint fails to state a claim on which relief may be granted. <u>Naffe v. Frey</u>, 789 F.3d 1030, 1039 (9th Cir. 2015) "([A] bare claim of state action does not withstand a Rule 12(b)(6) motion."). Given plaintiff's alleged factual scenario and state of the law under Section 1983, the court finds plaintiff unlikely to be able to cure the defects in the complaint. Thus, the court concludes that granting leave to amend on plaintiff's claims under the U.S. Constitution would be futile. <u>Cahill</u>, 80 F.3d at 339.

## **ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 7, 2022

warf.1950

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE